DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
Proposed Counsel for the Debtor
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

OMC, INC.,                                                    Chapter 11
                                                              Case No. 14-12854
                    Debtor.
-----------------------------------------------------------------X

# DECLARATION OF MICHAEL CHECCHI PURSUANT TO LOCAL RULE 1007-2

MICHAEL CHECCHI, being duly sworn, deposes and says:

1.  I am the President of OMC, Inc. (the "Debtor"), and I submit this declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

2.  Since 1986, the Debtor has been and continues to be a leading provider of subcontracting services in the commercial heating ventilation and air conditioning ("HVAC") industry. The Debtor provides several HVAC services, including drafting, fabricating and installing sheet metal ductwork for commercial buildings in the New York metropolitan area.

3.  The Debtor struggled in the economic downturn, with revenues decreasing from approximately $25,000,000 in 2007 to $13,000,000 in 2009.

4.  Decreased cash flow rendered the Debtor unable to continue to pay the majority of its employee benefits, many of whom are union employees, in the ordinary course of business. From August 2007 to February 2009, the Debtor accrued approximately $4,000,000 in unpaid union liabilities to the Local 28 Sheet Metal Workers Union (the "Union"), and an additional $1,000,000 to National Pension Funds ("National"). The Debtor made several attempts to enter into a settlement which would allow the Union to be paid on a going forward basis, with past due amounts repaid over time, but the parties were unable to agree on terms.

5.  The Debtor was forced to file a prior Chapter 11 case on September 15, 2010, Case No. 10-14864 (MG). The Debtor's Plan was confirmed on January 26, 2012, and an Order Granting Final Decree was entered on May 16, 2012.

6.  Initially, the Debtor was able to comply with the payment terms of its Plan of Reorganization. However, a series of recent events caused a perfect storm, inhibiting the Debtor's ability to comply with the Plan and remain current in its obligations.

7.  During 2013/2014, the Debtor undertook a project at a fixed rate. Ultimately, the Debtor lost approximately $350,000 on the project. Also, insurance rates for construction companies have gone through the roof in recent years. The significant extra expense further damaged the Debtor's bottom line. Finally, the Debtor compromised small amounts on receivables due from vendors who were either having their own financial difficulties, or were willing to pay early for a small discount. All totaled, these challenges cost the Debtor approximately $1,000,000 in revenue over the past year.

8.  More significantly, the Debtor fell behind on its weekly payments to Local 28 and the Sheet Metal Workers' National Pension Fund. The Debtor believes that Local 28 will pull the

Debtor's union employees effective next week. Therefore, the Debtor is re-filing its Chapter 11 case to obtain the protection of the automatic stay, and to preserve the value of the Debtor as a going concern.

9. The Debtor intends to utilize the bankruptcy process in order to conduct an orderly liquidation of its assets.

10. The interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession pursuant to Chapter 11 until an orderly liquidation of its assets can take place.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

11. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

12. The Debtor is located at 4010 Park Avenue, Bronx, New York 10457, and is engaged in the HVAC industry.

**Local Rule 1007-2(a)(2)**

13. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Local Rule 1007-2(a)(3)**

14. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

15. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as *Exhibit A*.

**Local Rule 1007-2(a)(5).**

16. A list of the names and addresses of the five largest secured creditors is annexed hereto as *Exhibit B*.

**Local Rule 1007-2(a)(6)**

17. A balance sheet will be filed separately pursuant to the requirements set forth in 11 U.S.C. § 521(a).

**Local Rule 1007-2(a)(7)**

18. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

19. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

20. The Debtor owns its premises located at 4010 Park Avenue, Bronx, New York 10457.

**Local Rule 1007-2(a)(10)**

21. The Debtor's assets, books and records are located at 4010 Park Avenue, Bronx, New York 10457.

**Local Rule 1007-2(a)(11)**

22. The following action is pending against the Debtor:

- <u>Sheet Metal Workers' National Pension Fund, et al., v. OMC, Inc. and Michael Checchi</u>, New York State Supreme Court, Bronx County, Index No. 260698/2013.

**Local Rule 1007-2(a)(12)**

23. The Debtor's senior management currently is comprised of Michael Checchi, 100% shareholder and President.

**Local Rule 1007-2(b)(1) and (2)**

24. The Debtor's estimated weekly payroll to non-officer employees for the thirty (30) day period following the Chapter 11 petition is $120,000.

25. The Debtor's estimated weekly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $23,000.

**Local Rule 1007-2(b)(3)**

26. A schedule, for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements is annexed hereto as *Exhibit C*.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
October 10, 2014

*/s/ Michael Checchi*
By:_____
Michael Checchi, President

- <u>Sheet Metal Workers' National Pension Fund, et al., v. OMC, Inc. and Michael Checchi</u>, New York State Supreme Court, Bronx County, Index No. 260698/2013.

**Local Rule 1007-2(a)(12)**

23. The Debtor's senior management currently is comprised of Michael Checchi, 100% shareholder and President.

**Local Rule 1007-2(b)(1) and (2)**

24. The Debtor's estimated weekly payroll to non-officer employees for the thirty (30) day period following the Chapter 11 petition is $120,000.

25. The Debtor's estimated weekly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $23,000.

**Local Rule 1007-2(b)(3)**

26. A schedule, for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements is annexed hereto as *Exhibit C*.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
        October 10, 2014

*/s/ Michael Checchi*
By:_____
Michael Checchi, President